**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|   |   |   |
|---|---|---|
| JAMES RICCARDI, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 12-cv-1887 (KBJ) |
| UNITED STATES DEPARTMENT OF JUSTICE, *et al.* | ) ) ) ) | |
| Defendants. | ) ) | |

# MEMORANDUM OPINION

Proceeding *pro se*, plaintiff James Riccardi has filed this action to challenge the adequacy of the search for records that the Executive Office for United States Attorneys ("EOUSA") conducted in response to a Freedom of Information Act ("FOIA") request that Riccardi submitted. (Compl., ECF No. 1.)[1] In addition to claiming that "Defendants have wrongfully withheld the requested records," (Compl. ¶ 27), Riccardi's complaint also faults the EOUSA for denying his plea for expedited processing of his FOIA request. (Compl. ¶¶ 29 -32.) Having twice released responsive records to Riccardi, the Department of Justice, of which EOUSA is a component, has filed a motion that seeks (1) entry of summary judgment in Defendant's favor under Federal Rule of Civil Procedure 56 on the grounds that there is no genuine issue of material fact regarding the adequacy of its search, and (2) dismissal of Riccardi's challenge to the agency's denial of expedited processing, under Rule 12(b)(1), on the

---

[1] The complaint, which was filed on November 20, 2012, has been brought against the United States Department of Justice, the Executive Office for United States Attorneys, and the Office of Information Policy. (*See* Compl. at 1.)

1

grounds that this Court lacks jurisdiction to consider that claim. (Defs.' Renewed Mot. for Summ. J. & Mot. to Dismiss ("Defs.' Mot."), ECF No. 18.) Riccardi has opposed Defendants' combined motion for summary judgment/motion to dismiss (*see* Pl.'s Resp. in Opp'n to Defs.' Renewed Mot. for Summ. J. & Mot. to Dismiss ("Pl.'s Opp'n"), ECF No. 22), and Defendants have replied (*see* Defs.' Combined Opp'n to Pl.'s Mot. to Conduct Disc. & Reply to Pl.'s Opp'n to Defs.' Renewed Mot. for Summ. J. ("Defs.' Reply"), ECF No. 30).[2] Upon consideration of the parties' submissions and the entire record, the Court **GRANTS** Defendants' motion in both respects.

## I. BACKGROUND

Riccardi is currently serving a prison sentence of 262 months that the United States District Court for the District of Kansas imposed in 2003 following his conviction of possession of child pornography and related charges. *See United States v. Riccardi*, 405 F.3d 852, 856 (10th Cir. 2005). By letter of February 2, 2010, Riccardi submitted a FOIA request to EOUSA seeking "any and all documents pertaining to [him] in the possession of the Office of the United States Attorney in Kansas City, Kansas." (Decl. of David Luczynski ("Luczynski Decl."), ECF No.18-2, Ex. A.) By letter of August 20, 2010, EOUSA informed Riccardi that it had located approximately 7,500 responsive pages and that the estimated processing fee would be $740.00,

---

[2] In his opposition, Plaintiff Riccardi also requests discovery under Fed. R. Civ. P. 56(d). (Pl.'s Opp'n at 14-15.) Discovery in FOIA cases is rare and "is usually limited to the adequacy of the agency's search and similar matters." *Voinche v. FBI*, 412 F. Supp. 2d 60, 71 (D.D.C. 2006) (citations omitted). A discovery motion "should be denied" where, as the Court finds here, " an agency's declarations are reasonably detailed, submitted in good faith and . . . no factual dispute remains." *Schrecker v. DOJ*, 217 F. Supp. 2d 29, 35 (D.D.C. 2002). Consequently, this Court hereby denies Riccardi's request for discovery.

2

pursuant to 28 C.F.R. § 16.11(i)(2). (*See id.* ¶ 8 & Ex. E.)[3] The letter also informed Riccardi that he was required to pay this fee before processing could continue; however, the letter also noted that the fee could be reduced if, among other things, Riccardi "reformulate[d his] request" to limit the documents to "a specific category or categories." (*Id.*, Ex. E.)

Riccardi narrowed his FOIA request by letter of August 25, 2010. The revised request sought "[a]ny and all documents pertaining to plea negotiations, plea offers, plea deals, [and] plea agreements in [his criminal case]," including "all correspondence and communication between the [U.S. Attorney's Office] in Kansas City, Kansas, and any attorneys, the District Court [or] any other agency[,]" as well as "any inter-office and inter-agency communication (notes, memoranda, etc.)." (*Id.*, Ex. F.)

Following a search, EOUSA determined that "[t]here were no records created by [the office of the United States Attorney] pertaining to any plea negotiations, offers, or agreements." (Decl. of Merry L. Baxter ("Baxter Decl."), ECF No. 18-3, ¶ 3.) Indeed, the only responsive records in the office files were documents that had previously been filed in court in conjunction with habeas proceedings that Riccardi had brought under 28 U.S.C. § 2255. (*See id.* ¶ 3; *see also* Decl. of Leon Patton ("Patton Decl."), ECF No. 18-5, ¶ 3 (explaining that Riccardi had filed a habeas action in which he alleged that his attorneys had been ineffective in not persuading him to enter into a plea agreement).) These documents included "a response filed by [the AUSA] in the 2255 proceeding"; an

---

[3] Under 28 CFR § 16.11(i)(2), if the estimated fee for processing a FOIA request exceeds $250.00, EOUSA may collect an advance payment related to the document processing and duplication costs. When EOUSA took into account the fact that the first 100 pages of Riccardi's FOIA response could be copied for free, and then calculated the duplication costs for the remaining pages at $.10 per page, the estimated fee for processing Riccardi's initial request was $740.00. (*See* Decl. of David Luczynski, ¶ 8; *see also id.* Ex E.)

3

affidavit from one of Riccardi's attorneys that "discussed verbal plea negotiations"; "a memo to the file by [Riccardi's] other attorney which contemporaneously memorialized plea discussions with [Riccardi]"; and "a handwritten post-sentencing letter from [Riccardi] to one of his attorneys in which [Riccardi] expressed regret for 'not working out a plea agreement.'" (Patton Decl. ¶ 4.) All of the responsive documents were forwarded to Riccardi in response to the FOIA request. (Baxter Decl. ¶ 3.)

By letter of January 31, 2012, EOUSA then informed Riccardi that it had decided to make a "full release" with respect to his request, explaining that "[a]ll of the records you seek are being made available to you." (Luczynski Decl., Ex. K.) This letter also informed Riccardi that the agency's decision in this regard was a final action of the agency, and that he had the right to appeal the decision to the Office of Information Policy ("OIP"). (*Id.*) In November of 2012, following an unsuccessful appeal to OIP (*see id*. ¶¶ 15-18), Riccardi filed this civil action.

Riccardi's complaint contains two counts: violation of FOIA (Count I), and violation of the APA (Count II). (Compl. at 7-8.) The complaint alleges that Riccardi's FOIA request was "simple and straightforward" insofar as it sought "from the Government what they (the Government) offered as a plea deal in plaintiff's criminal case" (*id.*¶ 9), but that Defendants had omitted from their production any "documents from the U.S. Attorney's Office explaining what the government offered as a plea deal as requested" (*id.* ¶ 15). The complaint also maintains that EOUSA had wrongfully refused to grant Riccardi's request for expedited processing with respect to the documents he sought. (*Id.* ¶¶ 24-26.)

In response to the filing of Riccardi's complaint, the U.S. Attorney's Office in

4

Kansas revisited the FOIA search request—interpreting the request "very lenient[ly]"—and conducted another search of its "computer files for anything pertaining to plea offers, negotiations, or agreements," and of its "paper files concerning [Riccardi that were] retriev[ed] from the National Archives and Records Administration facility in Lenexa, Kansas." (Patton Decl. ¶¶ 6-7.) This search encompassed the files of Assistant United States Attorney ("AUSA") Kim Berger (now Martin), who had prosecuted Riccardi; the closed files of Riccardi's prosecution, appeal, and collateral proceedings; and the case-management database known as LIONS. (*Id*.) On July 29, 2013, EOUSA released in their entirety "25 court-filed documents compris[ing] a total of 343 pages" and informed Riccardi about his obligation to pay $24.30 for the duplication costs of the pages exceeding the first 100 free pages, and his right to appeal the determination to OIP. (Suppl. Luczynski Decl., ECF No. 18-4, ¶ 4 & Ex. A.)

Defendants then filed the instant motion for summary judgment/motion to dismiss, arguing that its obligation to search for, and to produce, responsive documents had been fulfilled and that the Court lacked jurisdiction over Riccardi's expedited processing claim in light of the completed production. (Defs.' Mot. at 3-4.) Riccardi has opposed the dismissal of his expedited processing claim and/or having summary judgment issued in Defendants' favor on the issue of the adequacy of the search, on the grounds that Defendants have neither provided a complete response to its FOIA request, nor conducted an adequate search. (Pl.'s Opp'n at 4-6.)

## II. LEGAL STANDARD

There are two aspects to the pending motion—Defendants' request for entry of summary judgment in the absence of a genuine issue of material fact regarding the

5

adequacy of the search, and Defendants' argument that the Court lacks jurisdiction over Riccardi's claim regarding expedited review—each of which is governed by a different legal standard.

Under Federal Rule of Civil Procedure 56, summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must support the assertion that no facts are in dispute by "citing to particular parts of materials in the record, including . . . affidavits or declarations." Fed. R. Civ. P. 56(c)(1)(A).

In a FOIA case, where the adequacy of an agency's search is questioned, the Court may grant summary judgment based on information provided in "[a] reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999). Such agency affidavits attesting to a reasonable search "are afforded a presumption of good faith," and "can be rebutted only 'with evidence that the agency's search was not made in good faith.'" *Defenders of Wildlife v. U.S. Dep't of Interior*, 314 F. Supp. 2d 1, 8 (D.D.C. 2004) (quoting *Trans. Union LLC v. FTC*, 141 F. Supp. 2d 62, 69 (D.D.C. 2001)). In determining the adequacy of a FOIA search, the Court is guided by principles of reasonableness. *Campbell v. DOJ*, 164 F.3d 20, 27 (D.C. Cir. 1998). The Court must also be mindful that an agency is required to produce only those records in its custody and control at the time of the FOIA request. *McGehee v. CIA*, 697 F.2d 1095, 1110 (D.C. Cir. 1983). However, summary judgment is inappropriate "if a review

of the record raises substantial doubt" about the adequacy of the search. *Valencia-Lucena*, 180 F.3d at 326 (citing *Founding Church of Scientology v. NSA*, 610 F.2d 824, 837 (D.C. Cir. 1979)).

As relevant to Defendants' motion to dismiss Riccardi's claim regarding the agency's denial of expedited processing, FOIA states that "[a] district court of the United States shall not have jurisdiction to review an agency denial of expedited processing of a request for records after the agency has provided a complete response to the request." 5 U.S.C. § 552(a)(6)(E)(iv). Under Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of establishing that the Court has jurisdiction, and the plaintiff must do so by a preponderance of the evidence. *See Adams v. U.S. Capitol Police Bd.*, 564 F. Supp. 2d 37, 40 (D.D.C. 2008). In deciding whether to grant a motion to dismiss for lack of jurisdiction, the court must "accept all of the factual allegations in the complaint as true[,]" *M.J. ex rel. Jarvis v. Georgetown Univ. Med. Ctr.*, 962 F. Supp. 2d 3, 5 (D.D.C. 2013); however, "need not accept inferences unsupported by the facts or legal conclusions that are cast as factual allegations," *Rann v. Chao*, 154 F. Supp. 2d 61, 63 (D.D.C. 2001).

## III. ANALYSIS

### A. **Motion for Summary Judgment**

Defendants' motion for summary judgment asks that the Court grant summary judgment in its favor because the agency's search for responsive records was "reasonable" and "adequate" as a matter of law, and all responsive documents have been produced to Riccardi without withholdings or redactions; therefore, no genuine issues of material fact remain. (Defs.' Mot. at 1-2.) In opposing Defendants' summary

7

judgment motion, Riccardi asserts that neither the January 2012 release nor the July 2013 release provided records responsive to his FOIA request. (*See* Pl.'s Opp'n at 2.) He contends that "there is indication that the plea offer and related discussions were reduced into writing and memorialized into a record which would be subject to FOIA disclosure[,]" but that a copy of this written plea offer was not included in the documents that were released to him. (*Id.* at 6.) Based on this assertion, it is clear that Riccardi is raising a challenge to the adequacy of Defendants' search.

"FOIA requires government agencies to describe their searches in enough detail for a court to determine whether the search was sufficiently exhaustive to satisfy the Act." *Sennett v. DOJ*, 962 F. Supp. 2d 270, 277 (D.D.C. 2013). "To meet its burden, the agency may submit affidavits or declarations that explain in reasonable detail the scope and method of the agency's search." *Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 91 (D.D.C. 2009). Here, as explained above, Defendants have submitted multiple declarations attesting to the fact that they conducted three separate searches of the relevant office files related to Riccardi's FOIA request: one after receiving Riccardi's initial expansive request; one in response to Riccardi's narrowed request for documents related specifically to plea negotiations; and one in response the complaint's allegation that documents were being improperly withheld. Defendants aver that the only set of documents in their possession that were responsive to the request for documents related to plea negotiations were those that had been submitted in relation to Riccardi's 2255 proceeding. (Patton Decl. ¶ 4.) One of those documents reflects that a meeting had indeed occurred between AUSA Berger and Riccardi's attorneys but that they engaged only in "verbal plea negotiations" that were ultimately

unsuccessful. (*Id.*) In the Court's view, these declarations attesting to the multiple searches Defendants carried out and the few responsive documents they turned up are sufficient to carry Defendants' burden of showing that they conducted a reasonable and adequate search for such documents. *See, e.g.*, *Concepción v. FBI*, 606 F. Supp. 2d 14, 30 (D.D.C. 2009) ("If an agency does not locate records responsive to a FOIA request, it still may prevail on summary judgment if it establishes that it located no records responsive to plaintiff's request after a reasonable search[.]" (internal quotation marks and citation omitted)).

In response to Defendants' declarations, Riccardi merely speculates that Defendants failed to produce responsive records because his defense attorney allegedly told him that, during a plea negotiation meeting, AUSA Berger had "'worked from notes and other documents she had in her possession'" and had "'sketched out her thinking on how the sentencing guidelines would be applied under such a plea[.]'" (Pl.'s Opp'n at 6.) For support, Riccardi points to a statement in an affidavit that was filed in the § 2255 proceeding, but the paragraph he cites does not support his position (or any reasonable inference) that a written document should exist. (*See* Compl. App'x at A-30 (Aff. of J. Justin Johnston ¶ 9) (recounting discussion at a pre-trial meeting where "Ms. Berger sketched out *her thinking* on how the Sentencing Guidelines would be applied under such a plea" (emphasis added)).)

Moreover, even if the statement regarding the AUSA's notes and musings during plea negotiations could be construed as evidence that a plea offer document existed at some point in time, Riccardi nonetheless fails to establish that there is a genuine issue of fact regarding the adequacy of the search conducted here because "the adequacy of a

9

FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search." *Santana v. DOJ*, 828 F. Supp. 2d 204, 209 (D.D.C. 2011) (internal quotation marks and other citation omitted) (quoting *Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003)). Thus, a finding that a search for records is inadequate is neither based on the fact that a particular document was not found, *Boyd v. Crim. Div. of DOJ*, 475 F.3d 381, 390-91 (D.C. Cir. 2007), nor on unsupported assertions or "speculation as to the existence of additional records[,]" *Concepción*, 606 F. Supp. 2d at 30. Rather, once an agency has carried its burden of showing that it conducted an adequate search, "the burden is on the requester to rebut that evidence by a showing that the search was not conducted in good faith[,]" which can be accomplished "either by contradicting the defendant's account of the search procedure or by presenting evidence showing the agency's bad faith." *Kim v. U.S. Dep't of the Interior*, 859 F. Supp. 2d 13, 18 (D.D.C. 2012). In this case, Riccardi has failed to offer any evidence or argument that calls into question either the agency's account of its search or the agency's good faith in conducting that search.

Finally, it is worth noting that Defendants' primary declarant, Leon Patton, reasonably surmises—partly based on Riccardi's own statements during the § 2255 proceeding—that the plea documents Riccardi seeks were not found during the agency's search because such documents never existed. (*See* Patton Decl. ¶ 8 (citing Riccardi's affidavit in support of his § 2255 motion in which "he stated '[n]o proffered agreement was ever drafted by the Government[.]'" (alterations in original)).) Riccardi takes issue with the fact that Patton's declaration does not include a "full reading" of the statement in his 2255 affidavit, *i.e.*, that "no proffered agreement was ever drafted by the

10

Government and all the details of this [the plea] proposal were provided to me by attorney Johnston." (Pl.'s Stmt. of Material Facts as to Which There Exists a Genuine Dispute, ECF No. 22, ¶ 21 (alteration in original).) But even in its full context, Riccardi's challenge to Patton's characterization of his prior statement does not create a material factual dispute about the adequacy of Defendants' search or records, nor does it rebut the presumption that Defendants undertook to find the requested documents in good faith. Riccardi simply has not produced any evidence that casts doubt on Defendants' declarations establishing that it conducted a reasonable search for records, and that the search did not, in fact, uncover any written plea offers that were then improperly withheld from the FOIA production. Accordingly, the Court concludes that summary judgment must be entered in favor of Defendants.

### B. **Motion to Dismiss**

Defendants' motion to dismiss Riccardi's claim regarding the denial of expedited processing is also well founded. By the terms of the FOIA statute, this Court is divested of jurisdiction over a claim regarding "an agency denial of expedited processing" once "the agency has provided a complete response to the request." 5 U.S.C. § 552(a)(6)(E)(iv). Riccardi bears the burden of establishing that this Court does, in fact, have jurisdiction over his expedited processing claim, *see Adams*, 564 F. Supp. 2d at 40, which means he must demonstrate that a "complete response" to his FOIA request was not provided in this case. This is a burden that Riccardi is unable to bear, given that there is no dispute that the agency produced all of the records that it located, and in light of the Court's conclusion that the agency conducted a reasonable search. Therefore, Defendants' motion to dismiss the claim for expedited processing

11

must be dismissed for lack of jurisdiction. *See Al-Fayed v. CIA*, 254 F.3d 300, 303 n.1 (D.C. Cir. 2001) (dismissing expedited processing claims against agencies that had fully complied with FOIA requests); *see also Citizens for Responsibility & Ethics in Washington v. DOJ*, 535 F. Supp. 2d 157, 160 n.1 (D.D.C. 2008).

**IV. CONCLUSION**

In the absence of any evidence of bad faith, the Court concludes that Defendants are entitled to summary judgment because their search for responsive records was adequate and Riccardi has raised no other issues regarding Defendants' response to his FOIA request. In addition, Defendants' production of all records in its possession that were responsive to Riccardi's request deprives the Court of jurisdiction over the claim for expedited processing and that claim must be dismissed. Accordingly, Defendants' motion for summary judgment/motion to dismiss is **GRANTED**. A separate final order accompanies this Memorandum Opinion.

*Ketanji Brown Jackson*
Ketanji Brown Jackson
United States District Judge

DATE: March 27, 2014